

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-21-2006

# Marciniak v. Prudential Fin Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Marciniak v. Prudential Fin Ins" (2006). *2006 Decisions.* Paper 858.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/858

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4456
_____

WALTER F. MARCINIAK,

Appellant

v.

PRUDENTIAL FINANCIAL INSURANCE
COMPANY OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cv-02156)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2006

Before:  FISHER, CHAGARES and REAVLEY,[*] *Circuit Judges*.

(Filed: June 21, 2006)
_____

OPINION
_____

_____

[*]The Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

REAVLEY, *Circuit Judge.*

Marciniak appeals denial of extended long-term disability benefits under his employer's group disability plan pursuant to Section 502(a)(1) and 502(a)(2) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)-(2). For the reasons provided below, we will affirm. We presume the parties' familiarity with the facts and procedural history, which we include only as necessary to explain our decision.

## I.

The District Court did not fail to apply the proper level of scrutiny to Prudential's decision to deny benefits under its extended long-term disability (ELTD) plan. Customarily, courts review an ERISA benefits decision de novo. Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 44-45 (3d Cir. 1993) (citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57 (1989)). However, when the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, courts are to apply an arbitrary and capricious standard of review. Id. at 45. "Under the arbitrary and capricious (or abuse of discretion) standard of review, the District Court may overturn a decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." Id. (internal quotations and citation omitted). "This scope of review is narrow, and the court is not free to substitute its own judgment for that of the

2

defendants in determining eligibility for plan benefits." Id. (internal quotations and citation omitted).

We have recognized that when an insurance company both funds and administers benefits, it is generally acting under a conflict that warrants a heightened form of the arbitrary and capricious standard of review. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 387 (3d Cir. 2000). This arbitrary and capricious standard of review is to be applied on a sliding scale basis, intensifying the degree of scrutiny to match the degree of the conflict. Id. This standard of review allows the court to take notice of discrete factors suggesting that conflict may have influenced the administrator's decision. Id. at 378. "Suspicious events" and "procedural anomalies" raise the likelihood of self-dealing and move the review toward the stricter extreme of the arbitrary and capricious range. Id. at 394. The burden of proof is on the claimant to show that a heightened standard of review is warranted in a particular case. Schlegel v. Life Ins. Co. of N. America, 269 F. Supp. 2d 612, 617 (E.D. Pa. 2003).

In this case, although Prudential was responsible both for funding and administering the ELTD plan, there do not appear to be the kind of "suspicious events" and "procedural anomalies" that raised concern in Pinto. Marciniak has three chief complaints on this front. First, Marciniak argues that Prudential controlled the administrative record. While this is true, there is no evidence of inconsistency or subterfuge on Prudential's part. Second, Marciniak complains that Prudential failed to have anyone with medical credentials review his file. However, the record indicates that

3

Prudential's physician medical director reviewed the file and that this fact was not concealed from Marciniak. Finally, Marciniak argues that Prudential failed to notify him that it considered the opinion of his vascular surgeon, Dr. Goodreau, insufficient to support total disability. However, the record reveals that Prudential informed Marciniak via two letters that Dr. Goodreau's letter focused only on his opinion that Marciniak's disability precluded performance of his former job, which required extensive walking and travel, and did not rule out a new more sedentary occupation.

Marciniak fails to point to any of the of the kind of suspicious or anomalous hijinks in Prudential's decision making process as were present in Pinto, and our review of the record reveals none. Marciniak has failed to meet his burden of proving that the court should apply a heightened arbitrary and capricious standard when evaluating Prudential's denial of his claim. The District Court referenced Pinto and properly applied the arbitrary and capricious standard. It was not required, on this record, to apply that standard at the strictest extreme of the continuum.

## II.

The District Court properly determined that, based on the administrative record, Prudential's decision was not arbitrary and capricious. Under the arbitrary and capricious standard, the court may overturn a decision of a plan administrator only if it is without reason, unsupported by substantial evidence, or erroneous as a matter of law. Abnathya, 2 F.3d at 45. In this case, both Marciniak's own osteopath (D.O.) and vascular surgeon did not rule out Marciniak's ability to perform more sedentary work. This comports with

4

the review of all of Marciniak's medical information by Prudential's medical doctor as well as with the findings of the vocational expert. Marciniak's arguments and proffered medical evidence focus chiefly on the fact that he is no longer able to perform his old job — a fact that none dispute — but that is not the standard for qualification for benefits under the ELTD plan. The District Court correctly determined that Prudential's decision was not without reason and was supported by substantial evidence.

### III.

We find that the District Court did not err in declining to give controlling weight to the Social Security Administration's (SSA's) determination of disability. The SSA's decision may be considered as a factor in evaluating whether a plan administrator has acted arbitrarily and capriciously in reviewing a plaintiff's claim. See Dorsey v. Provident Life & Accident Ins. Co., 167 F. Supp. 2d 846, 856 n.11 (E.D. Pa. 2001). However, a Social Security award does not in itself indicate that an administrator's decision was arbitrary and capricious, and a plan administrator is not bound by the SSA decision. See Russell v. Paul Revere Life Ins. Co., 148 F. Supp. 2d 392, 409 (D. Del. 2001) ("[A] plan administrator's decision on ERISA disability that differs from that of the SSA is not arbitrary and capricious provided it is reasonable and supported by substantial evidence.") (internal quotation and citations omitted). In this case, as discussed above, Prudential's determination was reasonably grounded on substantial evidence.

### IV.

Marciniak also complains that the District Court erred in refusing to consider other evidence outside the administrative record; specifically, by refusing to consider evidence of Marciniak's surgeries in the year prior to this appeal (but after Prudential's denial) and by refusing to impose sanctions to require Prudential to submit to additional depositions. We see no error in the District Court's action. This Court has made it clear that the record for arbitrary and capricious review of ERISA benefits denial is the evidence that was before the plan administrator at the time of the benefit denial, which cannot be supplemented during litigation. See Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997) (holding that when reviewing an ERISA plan administrator's decision to deny benefits, the reviewing court must look to the evidence that was before the administrator when he or she made the decision being reviewed). We have acknowledged that, when a reviewing court is deciding whether to employ the arbitrary and capricious standard or a more heightened standard of review (as discussed above in Section I), it may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record. Id. However, Prudential produced its Rule 30(b)(6) witness to respond to inquiries regarding the plan's funding mechanism and the administrative record clearly reveals the processes through which Prudential reached its decision. The District Court did not err in determining that further depositions of Prudential's claim representatives would be redundant and properly limited the record to what was before Prudential at the time of its decision.

V.

6

Finally, Marciniak argues that the District Court erred in failing to expressly address his cross motion for summary judgment in its decision. When confronted with cross-motions for summary judgment, the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard. FED. R. CIV. P. 56; Schlegel, 269 F. Supp. 2d at 612 n.1. As Marciniak correctly notes, while the District Court set out the Rule 56 summary judgment standard, it did not expressly set out its evaluation of the summary judgment record from the perspective of Marciniak as the nonmoving party. While the form of the court's order may not have been perfect, the court did cover carefully and correctly the dispositive issues. The court clearly did examine the same limited administrative record to determine whether (as Marciniak moved) or not (as Prudential moved) Prudential's decision to deny benefits based on that evidence was arbitrary and capricious as a matter of law. Under the circumstances of this case, the court's grant of Prudential's motion for summary judgment made clear both that Marciniak's motion was denied and the reasons for that denial.

## VI.

For the foregoing reasons, we will AFFIRM the District Court's grant of summary judgment in favor of Prudential.